UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL T. ROBINSON, | |
| Petitioner, | |
| v. | CAUSE NO. 3:23-CV-1054-TLS-APR |
| WARDEN, | |
| Respondent. | |

**OPINION AND ORDER**

Michael T. Robinson, a prisoner without a lawyer, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging his 1996 murder and robbery conviction in Madison County under Case No. 48C01-9509-CF-000163. ECF No. 1. In accordance with Rule 4 of the Rules Governing Section 2254 Cases, the Court must review the petition and dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" For the reasons stated below, the petition is dismissed.

Following a 1996 jury trial, Mr. Robinson was found guilty of murder and robbery and was sentenced to an aggregate term of 110 years in prison. *Robinson v. State*, 693 N.E.2d 548, 551 (Ind. 1998). He appealed, asserting claims of prosecutorial misconduct, discovery violations, errors in the admission of evidence, sufficiency of the evidence, and a challenge to his sentence. *Id.* at 551–55. The Indiana Supreme Court affirmed his conviction and sentence in April 1998. *Id.* He did not seek review in the U.S. Supreme Court. ECF No. 1 at 1.

In June 2017, he filed a state post-conviction petition. *Robinson v. State*, 48C01-1706-PC-000025 (Madison Cir. Ct. closed Feb. 11, 2021). Following an evidentiary hearing, the petition was denied. *Robinson v. State*, 175 N.E.3d 859, 862 (Ind. Ct. App. 2021). He appealed,

asserting claims of prosecutorial misconduct and ineffective assistance of his counsel on direct appeal. *Id.* The Indiana Court of Appeals affirmed the denial of post-conviction relief, *id.* at 868, and the Indiana Supreme Court denied transfer on December 16, 2021, *Robinson v. State*, 178 N.E.3d 798 (Table) (Ind. 2021). In February 2023, he sought leave to pursue a successive post-conviction petition in the Indiana Court of Appeals. *Robinson v. State*, No. 23A-SP-349 (Ind. Ct. App. 2023). The following month, his request was denied. *Id.* (docket entry Mar. 17, 2023). He sought rehearing, but his request was denied in May 2023. *Id.* (docket entry May 1, 2023).

On November 30, 2023, he tendered his federal petition for mailing. ECF No. 1 at 6. His petition and supporting memorandum are somewhat confusing, but he appears to assert two claims based on errors committed by his post-conviction counsel. *Id.* at 3–5; ECF No. 1-1.

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") contains a strict statute of limitations, set forth as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).

Mr. Robinson's conviction became final under 28 U.S.C. § 2244(d)(1)(A) in July 1998, when the time expired for him to seek review in the U.S. Supreme Court on direct appeal. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (for habeas petitioners who do not complete all levels of state review, the judgment becomes final when the time for filing an appeal expires); *see also* U.S. Sup. Ct. R. 13(1) (petition for writ of certiorari must be filed within 90 days of state court's judgment). He had one year from that date to file a timely federal petition. He did not do so and instead waited more than two decades to pursue federal habeas relief.[1] Although he sought state post-conviction review in 2017, the federal deadline had already expired when he filed his state post-conviction petition.[2] The state court's subsequent denial of post-conviction relief did not restart the federal deadline or open a new "window" for federal habeas review. *De Jesus v. Acevedo*, 567 F.3d 941, 942–43 (7th Cir. 2009).

---

[1] Despite the lengthy passage of time, it does not appear Mr. Robinson previously pursued federal habeas relief. In 2023, he sought leave to file a "successive" federal petition in the United States Court of Appeals for the Seventh Circuit, but after examining available public records that court concluded he had not previously filed a federal habeas petition. *See Robinson v. English*, No. 23-1008 (7th Cir. Jan. 9, 2023). The Circuit transferred his filing to the U.S. District Court for the Southern District of Indiana for consideration as a petition for relief under 28 U.S.C. § 2254. *See Robinson v. Superintendent*, No. 1:23-CV-33-JMS-TAB (S.D. Ind. closed Mar. 14, 2023). However, before any ruling occurred, Mr. Robinson voluntarily dismissed the case. *Id.*; *see also Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) (second petition requires authorization by the Circuit only if first petition was "resolved in a way that satisfies a petitioner's one full and fair opportunity to raise a federal collateral attack" (cleaned up)).

[2] The Court notes that there is an unusual reference by the Indiana Court of Appeals to Mr. Robinson having filed an original post-conviction petition in 2003 and then amending it in 2017. *See Robinson*, 175 N.E.3d at 864. That is not reflected on the post-conviction docket sheet, *Robinson v. State*, 48C01-1706-PC-000025 (Madison Cir. Ct. closed Feb. 11, 2021), although the criminal docket reflects some post-conviction filings dating as far back as 2010. *State v. Robinson*, 48C01-9509-CF-000163 (Madison Cir. Ct. closed June 12, 1996). Even if the court were to presume that he initiated post-conviction relief in 2003, the federal deadline expired in 1999, years before the petition was filed.

When asked to explain why his petition is timely under the provisions of 28 U.S.C. § 2244(d), Mr. Robinson provides the procedural history of his recent request to pursue a successive state post-conviction petition. ECF No. 1 at 6. He appears to believe his federal petition is timely because he filed it within one year of the Indiana Court of Appeals' decision denying his request to pursue a successive post-conviction petition. This is incorrect. As explained above, the federal deadline expired long before he sought to pursue a successive post-conviction petition, and these recent activities in state court did not open a new "window" for federal habeas review. *De Jesus*, 567 F.3d at 942.

Although he has not made this argument, the Court has considered that his two claims appear to arise from events occurring in the post-conviction proceedings. This could implicate 28 U.S.C. § 2244(d)(1)(D), which provides that a claim must be filed within one year of "the date on which the factual predicate of the claim . . . could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).[3] Because "the clock . . . starts at the time a reasonable person would have discovered those facts," Mr. Robinson must show that he could not have reasonably discovered the facts underlying his claims any earlier than he did. *Villanueva v. Anglin*, 719 F.3d 769, 774 (7th Cir. 2013). Even if the court presumed that he could not have discovered the factual basis for his claims until the post-conviction proceedings occurred, those proceedings concluded on December 16, 2021. *Robinson v. State*, 178 N.E.3d 798 (Table) (Ind. 2021). He did not file his federal petition within one year of that date, and instead waited until November 30, 2023, to tender his petition for mailing. ECF No. 1 at 6. In the interim, he sought leave to pursue a successive petition for post-conviction relief, but this filing

---

[3] The Court notes that he does not assert any newly recognized claims made retroactive to cases on collateral review by the Supreme Court, nor is there a basis in his filings to conclude that a state-created impediment prevented him from filing his petition on time. *See* 28 U.S.C. § 2244(d)(1)(B)–(C).

did not toll the federal deadline under 28 U.S.C. § 2244(d)(2). *Martinez v. Jones*, 556 F.3d 637, 638 (7th Cir. 2009) (request for authorization to file a successive state post-conviction petition does not toll the deadline under 28 U.S.C. § 2244(d)(2) if state court denies the request). Therefore, the petition is untimely and must be dismissed.

Pursuant to Section 2254 Habeas Corpus Rule 11, the Court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on a procedural ground, the petitioner must establish that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

As outlined above, Mr. Robinson's petition is untimely by more than two decades, and he does not provide any arguable basis for excusing its untimeliness. On the second prong, it is questionable whether the petition states a valid claim for the denial of a constitutional right. His claims appear to be based on alleged errors by his post-conviction counsel, but there is no constitutional right to counsel in state post-conviction proceedings. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Where there is no constitutional right to counsel, there can be no deprivation of effective assistance of counsel under the Sixth Amendment. *Coleman*, 501 U.S. at 752. Indeed, AEDPA expressly provides: "The ineffectiveness or incompetence of counsel during . . . [s]tate collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i).

Assuming his petition contains a cognizable claim, he acknowledges that he did not present either of his claims to the state courts in one complete round of review as required by 28

U.S.C. § 2244(b)(1). ECF No. 1 at 4–5. It appears he presented them in his recent request for authorization to pursue a successive post-conviction petition, but the Indiana Court of Appeals denied his request, concluding that he did not meet the state law requirements for pursuing such relief. *Robinson v. State*, No. 23A-SP-349 (Ind. Ct. App. 2023). Because he did not pass the screening procedure, he was barred from litigating his claims. *See Baird v. State*, 831 N.E.2d 109, 115 (Ind. 2005). The state court's determination that he did not satisfy the standard for pursuing a successive post-conviction petition under state law constitutes a state procedural ground that precludes federal habeas review. *See Thomas v. Williams*, 822 F.3d 378, 384–85 (7th Cir. 2016) (petitioner's claim was procedurally barred where state court determined he did not meet state law requirements for litigating the claim in a successive post-conviction petition).

Therefore, the court finds no basis to conclude that reasonable jurists would debate the correctness of the court's procedural ruling or find a reason to encourage Mr. Robinson to proceed further. He will not be granted a certificate of appealability.

As a final matter, Mr. Robinson filed a "Motion to Take Judicial Notice." ECF No. 2. The motion is somewhat confusing, and he appears to ask the Court to take "judicial notice" of the cases cited in the memorandum of law arguing that his post-conviction counsel was ineffective. This does not appear to be a proper use of the judicial notice procedure, which pertains solely to "adjudicative fact[s]," not to case law. Fed. R. Evid. 201(a). Regardless, the Court does not reach the merits of his claims and therefore has no reason to analyze the case law cited in his memorandum. The motion is denied.

For these reasons, the Court hereby:

(1) DENIES the petitioner's "Motion to Take Judicial Notice" [ECF No. 2];

(2) DISMISSES the Petition [ECF No. 1] pursuant to Rule 4 of the Rules Governing Section 2254 Cases;

(3) DENIES the petitioner a certificate of appealability; and

(4) DIRECTS the Clerk of Court to close this case.

SO ORDERED on December 18, 2023.

                                          s/ Theresa L. Springmann  
                                          JUDGE THERESA L. SPRINGMANN  
                                          UNITED STATES DISTRICT COURT